# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DAVID BONENBERGER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case number 4:16cv00788 PLC |
| THE CITY OF ST. LOUIS, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER OF DISMISSAL

Defendants City of St. Louis ("City") and D. Samuel Dotson, III ("Dotson") move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 10] as follows: (1) all claims pursued against Dotson in his official capacity on the grounds they are duplicative of the claims against City, and (2) the Title VII claim against Dotson in his individual capacity. Defendants also seek an award of "reasonable costs and attorneys' fees." In response, David Bonenberger ("Plaintiff") asserts that, even if the claims against Dotson in his official capacity are duplicative, the court is not required to dismiss duplicative claims. Plaintiff concedes that the court should dismiss his Title VII claim against Defendant Dotson sued in his individual capacity. Plaintiff does not address Defendants' request for an award of reasonable costs and attorneys' fees.

### Plaintiff's Claims

The claims in this case arise out of Plaintiff's employment as a police officer for Defendant City. Plaintiff filed this action seeking monetary relief from City and Dotson for their alleged retaliation against Plaintiff and violation of Plaintiff's First Amendment rights after Plaintiff successfully sued the St. Louis Metropolitan Police Department ("SLMPD") and others for employment discrimination. See Bonenberger v. St. Louis Metro. Police Dep't, Case No. 4:12cv00021 CDP) (E.D. Mo. filed Jan. 5, 2012), aff'd, No. 14-3696, slip op. (8th Cir. Jan. 19, 2016).

In his pending lawsuit, Plaintiff pursues the following against City and Dotson: (1) a retaliation claim under Title VII, 42 U.S.C. § 2000(e), *et seq.*, and the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 *et seq.* (Count I); (2) a First Amendment claim under 42 U.S.C. § 1983 (Count II); and (3) a retaliation claim under 42 U.S.C. § 1981 (Count III). The parties do not dispute that City is Plaintiff's employer and that, as the Chief of the SLMPD, Dotson exercises supervisory authority over the SLMPD.[1] Plaintiff sues Dotson in both his individual and his official capacities as to all claims.

## Rule 12(b)(6) Standard

When resolving a Rule 12(b)(6) motion, the court must regard as true the facts alleged in the complaint and determine whether they are sufficient to raise more than a speculative right to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); accord Hager v. Arkansas Dep't of Health, 735 F.3d 1009, 1013 (8th Cir. 2013) (under Rule 12(b)(6), "the factual allegations in the complaint are accepted as true and viewed most favorably to the plaintiff"). The court does not, however, accept as true any allegation that is a legal conclusion. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Hager, 735 F.3d at 1013 ("[c]ourts must not presume the truth of legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986).").

The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; accord Iqbal, 556 U.S. at 678; Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "[T]he complaint should be read as a whole, not

---

[1] See Pl. Compl. para. 3 [ECF No. 1], as admitted by Defendants in their Answer para. 3 [ECF No. 9]; Pl. Response to Court Order, filed Sept. 9, 2016 [ECF No. 16].

parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden, 588 F.3d at 594. "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Id. (internal quotation marks and citation omitted). If the claims are only conceivable, not plausible, the court must dismiss the complaint under Rule 12(b)(6). Twombly, 550 U.S. at 570; accord Iqbal, 556 U.S. at 679.

Dismissal of Official Capacity Claims against Dotson

Defendants move to dismiss all claims pursued against Dotson in his official capacity on the grounds they are duplicative of the claims against City. Plaintiff argues that, while the court may dismiss duplicative claims, the court is not required to do so.

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010) (action under 42 U.S.C. § 1983). It is proper for a court to dismiss, as duplicative or redundant, claims against an official sued in his official capacity that are also asserted against the official's governmental employer. Id.; Artis v. Francis Howell North Band Booster Ass'n, Inc., 161 F.3d 1178, 1182, 1185 (8th Cir. 1998) (finding the district court correctly dismissed a claim under 42 U.S.C. § 1983 against a school official sued only in his official capacity, as redundant of a claim against the school district employing the official); Bergfeld v. Board of Election Comm'rs for City of St. Louis, No. 4:06cv1025 DDN, 2007 WL 5110310, at *3 (E.D. Mo. Apr. 5, 2007) (dismissing Title VII and Missouri Human Rights Act claims against individuals sued in their official capacity as duplicative of the same claims pursued against the Board of Election Commissioners); Green v. City of St. Louis, No. 4:05cv00198 JCH, 2006 WL 1663439, at *10 (E.D. Mo. June 15, 2006) (dismissing the plaintiff's claims under 42 U.S.C. §§ 1981 and 1983 against individuals sued in their official capacity upon finding they were duplicative of the same claims the

plaintiff pursued against the plaintiff's employer, the City of St. Louis, and another entity, the St. Louis Development Corporation), aff'd on other grounds, 507 F.3d 662 (8th Cir. 2007); Coller v. State of Mo. Dep't of Econ. Dev., 965 F.Supp. 1270, 1274-75 (W.D. Mo. 1997) (Title VII claim against individual sued in his official capacity dismissed as duplicative of the same claim pursued against the plaintiff's employer). Plaintiff's official capacity claims against Dotson are duplicative of the claims against City. Accordingly, those portions of Plaintiff's claims that allege liability in Dotson's official capacity should be dismissed.

### Dismissal of Title VII Claim against Dotson in his Individual Capacity

Defendants move to dismiss the Title VII claim against Dotson in his individual capacity. Plaintiff concedes that dismissal is proper.

The Eighth Circuit has long held that a supervisory official sued in the official's individual capacity cannot be liable under Title VII. See Roark v. City of Hazen, Ark., 189 F.3d 758, 761 (8th Cir. 1999) (finding "[t]he district court properly dismissed [the plaintiff police officer's Title VII] claim against the [city mayor] in his individual capacity because a supervisor may not be held liable under Title VII"); Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist., 121 F.3d 446 (8th Cir. 1997) (per curiam) ("[o]ur Court quite recently has squarely held that supervisors may not be held individually liable under Title VII. See Spencer v. Ripley Cty. State Bank, 123 F.3d 690, 691-92 (8th Cir. 1997)."). Accordingly, dismissal of the Title VII claim against Dotson in his individual capacity is proper.

### Request for an Award of Reasonable Costs and Attorney's Fees

City and Dotson seek attorneys' fees and costs. However, City and Dotson have not set forth authority and argument in support of their position. Accordingly, the court denies their request.

4

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss [ECF No. 10] is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's Title VII claim (Count I) against Defendant Dotson sued in his individual and official capacities is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's claims pursued under the Missouri Human Rights Act (Count I), 42 U.S.C. Section 1983 (Count II), and 42 U.S.C. Section 1981 (Count III) against Defendant Dotson in his official capacity are **DISMISSED with prejudice**.

**IT IS FINALLY ORDERED** that Defendants' request for an award of reasonable costs and attorney's fees is **DENIED**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of September, 2016.